UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-21777-UNGARO/Otazo-Reyes

PEDRO P. BOSCH,

    Plaintiff,

v.

NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,
a foreign corporation,

    Defendant.
_____/

## ANSWER AND DEFENSES

Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), for its Answer and Defenses to Plaintiff's Complaint, states:

1. Admits that this is an action for damages in excess of $75,000.00, but except as so admitted denies the allegations in paragraph 1.

2. Admits the allegations in paragraph 2.

3. Admits that Northwestern Mutual is a mutual insurer incorporated in Wisconsin, with its principal place of business in Wisconsin, and that it conducts the business of insurance in this District, but except as so admitted denies the allegations in paragraph 3.

4. Admits that: (a) Northwestern Mutual issued Disability Income Policy No. D599878 (the "DI Policy") and Disability Overhead Expense Policy No. D599895 (the "DOE Policy") to Plaintiff; (b) it appears that a copy of portions of the DI Policy are attached to the Complaint as Exhibit A; and (c) (b) it appears that a copy of portions of the DOE Policy are

attached to the Complaint as Exhibit B, but except as so admitted denies the allegations in paragraph 4.

5. Admits that: (a) Dr. Bosch was licensed and worked as a medical doctor in the state of Florida; and (b) Northwestern Mutual is the insurer of the DI Policy and the DOE Policy (the "Policies"), but except as so admitted denies the allegations in paragraph 5.

6. Admits that it appears that venue lies in this District and that Florida law governs the Policies, but except as so admitted denies the allegations in paragraph 6.

## FACTS ALLEGATIONS

7. Admits that the Policies are contracts which provided benefits only as set forth in the Policies, but except as so admitted denies the allegations in paragraph 7.

8. Admits that: (a) Northwestern Mutual issued the DI Policy to Plaintiff with an issue date of June 27, 1988; (b) Northwestern Mutual issued the DOE Policy to Plaintiff with an issue date of May 26, 1988; and (c) the Policies are contracts which provided benefits only as set forth in the Policies, but except as so admitted denies the allegations in paragraph 8.

9. The allegations of paragraph 9 are conclusions of law to which no response is required. To the extent a response is required, Northwestern Mutual admits that the Policies are governed by Florida law, but except as so admitted denies the allegations in paragraph 9.

10. Admits that the Policies are contracts which speak for themselves, but except as so admitted denies the allegations in paragraph 10.

11. Admits that the DI Policy is a contract which speaks for itself, but except as so admitted denies the allegations in paragraph 11.

12. Admits that the DOE Policy is a contract which speaks for itself, but except as so admitted denies the allegations in paragraph 12.

13. Admits that Plaintiff worked as a medical doctor, but except as so admitted denies the allegations in paragraph 13.

14. Denies the allegations in paragraph 14.

15. Admits that Plaintiff notified Northwestern Mutual that he claimed to be disabled, but except as so admitted denies the allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Admits that its letter dated November 10, 2015 speaks for itself, but except as so admitted denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18.

19. Admits that it appears that Plaintiff has retained counsel to represent him in this action, but except as so admitted denies the allegations in paragraph 19.

## COUNT I:  BREACH OF CONTRACT

In response to Count I, Northwestern Mutual incorporates in the Breach of Contract Count, the responses to paragraphs 1 rough 19 of the Complaint.

20. Denies the allegations in paragraph 20.

21. Denies the allegations in paragraph 21 and states that Plaintiff has failed to satisfy all provisions and conditions precedent for the payment of benefits under the Policies in that, inter alia, (a) Plaintiff was not totally or partially disabled as defined by Policies; (b) Plaintiff failed to provide timely and sufficient notice of claim and proof of disability as defined by the Policies; and (c) Plaintiff was not eligible for continued or renewed coverage under the Policies pursuant to the terms of the Policies when Plaintiff purported to renew the Policies to the extent Plaintiff not actively and gainfully employed on a full time basis as of the conditional renewal date and therefore, Plaintiff was not eligible to renew the coverage and cannot be entitled to

benefits under the Policies as purportedly conditionally renewed as such coverage was void ab initio.

21. Denies the allegations in paragraph 21.

22. Denies the allegations in paragraph 22.

23. Denies the allegations in paragraph 23.

## FIRST DEFENSE

Plaintiff has failed to satisfy all provisions and conditions precedent for the payment of benefits under the Policies in that, inter alia, (a) Plaintiff was not totally or partially disabled as defined by Policies; (b) Plaintiff failed to provide timely and sufficient notice of claim and proof of disability as defined by the Policies; and (c) Plaintiff was not eligible for continued or renewed coverage under the Policies pursuant to the terms of the Policies when Plaintiff purported to renew the Policies to the extent Plaintiff not actively and gainfully employed on a full time basis as of the conditional renewal date and therefore, Plaintiff was not eligible to renew the coverage and cannot be entitled to benefits under the Policies as purportedly conditionally renewed as such coverage was void ab initio.

## SECOND DEFENSE

Plaintiff failed to provide sufficient information to Northwestern Mutual to support his claim for benefits under the Policies. Specifically, Plaintiff has failed to provide timely and adequate proof of a total or partial disability as defined by the Policies and Plaintiff is not totally or partially disabled as defined by Policies.

## THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted because, inter alia, (a) Plaintiff was not totally or partially disabled as defined by Policies; (b) Plaintiff failed to

4

provide timely and sufficient notice of claim and proof of disability as defined by the Policies; and (c) Plaintiff was not eligible for continued or renewed coverage under the Policies pursuant to the terms of the Policies when Plaintiff purported to renew the Policies to the extent Plaintiff not actively and gainfully employed on a full time basis as of the conditional renewal date and therefore, Plaintiff was not eligible to renew the coverage and cannot be entitled to benefits under the Policies as purportedly conditionally renewed as such coverage was void ab initio.

**FOURTH DEFENSE**

The causes of action and/or relief sought are barred and/or precluded by virtue of the doctrines of laches, waiver or estoppel.

**FIFTH DEFENSE**

Plaintiff's recovery against Northwestern Mutual, if any, is barred or limited by the terms, conditions, exclusions and other provisions of the Policies and applicable law.

**SIXTH DEFENSE**

To the extent Plaintiff claims to be disabled, which Northwestern Mutual denies, Plaintiff failed to avail himself of all reasonable means and methods to remove his alleged disability, including obtaining appropriate treatment directed to a return to work, and as such, has failed to mitigate his damages and therefore is not entitled to benefits.

**SEVENTH DEFENSE**

Even if Plaintiff was entitled to the disability benefits sought under the Policies, which Northwestern Mutual expressly denies, such entitlement at this time would not mean that Plaintiff would be entitled to any future benefits under the Policies given, inter alia, the possibility of Plaintiff's recovery, as well as the effect of different requirements, exclusions and/or limitations of the Policies.

## EIGHTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted and Plaintiff has failed to satisfy all conditions precedent under the Policies' Legal Action provisions because Plaintiff initiated this litigation prior to 60 days before providing required proof of loss as required by the Policies, including but not limited to written proof of disability.

## NINTH DEFENSE

Northwestern Mutual reserves the right to assert additional defenses and affirmative defenses based upon the facts that may be learned during the course of discovery.

## RELIEF REQUESTED

Northwestern Mutual asks that: (i) the Court dismiss Plaintiff's Complaint with prejudice and judgment be entered in its favor; and (ii) the Court grant such other relief as is appropriate under the circumstances of this case.

Dated:  May 25, 2016

PETT FURMAN, PL
Attorneys for Defendant
2101 N.W. Corporate Blvd., Suite 316
Boca Raton, FL 33431
(561) 994-4311
(561) 982-8985 fax


By:___s/Wendy L. Furman_____
     WENDY L. FURMAN
     Fla. Bar No. 0085146
     wfurman@pettfurman.com

## **CERTIFICATE OF SERVICE**

I certify that on May 25, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Carlos A. Ziegenhirt, Esq.
>Carlos A. Ziegenhirt, P.A.
>1190 South LeJeune Road
>Miami, FL 33134
>carlos@caz-law.com

>s/Wendy L. Furman_____
>Wendy L. Furman